# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:17-CR-00360-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) |
| | ) **ORDER** |
| LAMARCUS DEANDRAY SEABROOKS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER** comes before the Court on Defendant's Motion for Compassionate Release, brought pursuant to 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 65. Initially, Defendant appeared *pro se* and requested compassionate release so that he could care for his son. See id. At the Court's request, see Doc. No. 66, the Government responded to that *pro se* motion, explaining that Defendant's motion should be denied for failing to exhaust administrative remedies, see Doc. No. 68. Defendant acquired counsel and filed a reply, requesting relief based on the COVID-19 pandemic. See Doc. No. 72. Acknowledging that he has failed to exhaust administrative remedies, Defendant nevertheless contends that exhaustion "would be futile for [him] in that he would suffer severe consequences, even death, were he to contract the virus." Id. at 5. To support that conclusion, Defendant points to his health and to the condition of Butner, the Federal Correctional Complex in which he is housed. As to his health, Defendant maintains he is "in a significantly higher risk [population] in that he has asthma." Id. at 3. And, as to Butner, Defendant alleges he is housed in a dorm with "about 150 inmates," where there are at least "ten cases of coronavirus" and where prisoners are forced to "sleep about three feet apart." Id. at 3. Because Defendant's reply raises issues that have been unaddressed at this point, the Court will order the Government

to discuss them fully. While waiting for the Government's supplemental brief, Defendant is encouraged to continue exhausting available administrative remedies with the Bureau.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Government **SHALL** file a supplemental brief within **seven days** addressing the following:

(1) What is the status of Butner Federal Correctional Complex's battle with the COVID-19 pandemic, both generally and within Defendant's dormitory?

(2) Does Defendant's health issues place him at an increased risk of death or serious illness from COVID-19?

(3) Does Defendant's disciplinary record while imprisoned countenance compassionate release?

(4) Should the Court waive the exhaustion requirement based on futility?

**SO ORDERED.**

Signed: June 2, 2020

Max O. Cogburn Jr
United States District Judge