# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:17-CR-00360-MOC-DSC

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>) |
| vs. | )<br>) **ORDER** |
| LAMARCUS DEANDRAY SEABROOKS, | )<br>) |
| Defendant. | )<br>) |

**THIS MATTER** comes before the Court on Defendant's Motion for Compassionate Release, brought pursuant to 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 65. As discussed below, Defendant's motion shall be denied at this time.

## I.   BACKGROUND

On February 4, 2018, Defendant was arrested on an indictment charging him with being a felon in possession of a firearm and with possessing methamphetamine. See Doc. Nos. 1, 4. Defendant ultimately pleaded guilty to both offenses. See Doc. No. 29. To assist the Court in sentencing, the United States Probation Office prepared a report, which documented the nature and circumstances of the offense, as well as Defendant's criminal history. See Doc. No. 42. Describing the relevant offense conduct, the report noted that, after the Defendant was arrested, he made a call from the Mecklenburg County Jail, wherein he stated: "You know I keep my pistol on me, period, point blank, felon or not, I don't give a fuck!" Id. at 4.

Reviewing Defendant's criminal history, the report noted that he had several prior convictions, including a 2009 conviction for assault with a deadly weapon with intent to kill, which led to the death of the victim. See id. at 9. Additionally, defendant has pleaded guilty to possession of a handgun by a minor, assault on a government official, possession of drug paraphernalia

1

(twice), resisting a public officer (twice), possession with intent to sell or deliver marijuana, and felony possession of marijuana. See id. at 8–10. Based upon this information, the Probation Office determined that Defendant's Total Offense Level was 21, Criminal History Category was III, and his Guidelines imprisonment range was between 46 and 57 months. See id. at 17. Adopting the Probation Office's report, the Court sentenced the Defendant to forty-six months—the bottom of the Guidelines. See Doc. Nos. 52, 53. Defendant appealed his sentence, and that appeal is currently pending before the Fourth Circuit. See Doc. No. 50.

Defendant first requested relief from this Court through a pro se filing. In that document, he sought compassionate release to take care of his son, whose mother was killed in an automobile accident while he was incarcerated. See id. According to him, his son is currently being cared for by Defendant's sister, but she has been diagnosed with lupus and is planning to move from North Carolina to California. See id. at 3. Defendant indicated that he has "served 57% of [his] sentence and [is] scheduled [to be released] to a halfway house sometime next year." Id. Defendant also attached a document showing that he applied for compassionate release from the warden of the Beckley Federal Correctional Institution but was denied in July 10, 2019. See id. at 2–3.

Based on the foregoing, the Court ordered the Government "to respond whether the Court should exercise its discretion to order compassionate release for Defendant." Doc. No. 66 at 1. In its response, the Government submitted an email from Nicole Taborn, Correctional Treatment Specialist of the Federal Bureau of Prisons, which explained that, after the initial denial, Defendant "was told he could complete the administrative remedy process if he wanted to proceed with trying to get the compassionate relief" but "has not completed [the process]." Doc. No. 68-1.

Defendant submitted a reply through counsel, which altered the compassionate release claim to focus on COVID-19. See Doc. No. 72 at 3. Counsel noted that, because of Defendant's

2

Case 3:17-cr-00360-MOC-DSC   Document 76   Filed 06/15/20   Page 2 of 5

age and asthma, he is at "high risk" from COVID-19 and that "[t]he measures of the [Bureau] are not sufficient" to protect him. See id. at 4. Still, counsel does not dispute that Defendant failed to exhaust administrative requirements. See id. at 5.

At the Court's behest, the Government submitted a supplemental brief discussing Butner Federal Correctional Complex's battle with the COVID-19 pandemic and Defendant's health issues. See Doc. No. 74. In that brief, the Government recognized that Defendant has now tested positive for COVID-19. See id. at 3. But, at this time, Defendant remains asymptomatic, so he is simply being quarantined with other asymptomatic individuals. See id. at 3–4. Should Defendant begin to display symptoms he would be "moved and isolated with similar inmates.' Id. at 4. The Government's supplemental brief also included a declaration made by Dr. Andrew Stock, the Clinical Director of the Medical Center at Butner. See Doc. No. 74-1. Dr. Stock averred that "inmates across the Complex have continued to receive all necessary medical attention," and that those who are diagnosed with COVID-19 "have received prompt, appropriate, and quality health care" in accordance with federal and state administrative guidance. Id. at 28–29.

## II. ANALYSIS

In opposing Defendant's compassionate release motion, the Government references a host of doctrines that might preclude Defendant from obtaining relief here. First, Defendant failed to exhaust his administrative remedies, as he did not ask the Bureau of Prisons to grant compassionate release based on COVID-19 in particular. See Doc. No. 68 at 1–3. Second, Defendant's compassionate release motion is moot because "the extraordinary and compelling reason [he] has offered for his release (asthma combined with the risk of getting COVID-19) . . . has already [occurred]." Doc. No. 74 at 4. Finally, the Government argues that this Court lacks jurisdiction to modify Defendant's sentence, as his case is still pending on appeal. See Doc. No. 74 at 1.

3

None of the Government's bars are as straightforward as the Government suggests. For example, some courts have held that issue exhaustion is entirely inappropriate in the context of compassionate release motions. See United States v. Smith, No. 07-cr-3038, 2020 WL 2844222, at *6 (N. D. Iowa June 1, 2020) (collecting approaches). Also, Defendant has continued to request relief, even though he has contracted COVID-19. See Doc. No. 75. Finally, even while a case is on appeal, the district court may "take subsequent actions on matters that are collateral to the appeal." Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014); see also Fobian v. Storage Tech. Corp., 164 F.3d 887, 890 (4th Cir. 1999) (holding that a district court can consider a Rule 60(b) motion and deny it or "issue a short memorandum" indicating it "is inclined to grant the motion").

The Court will assume that none of the aforementioned doctrines preclude it from considering this case. Even still, the Court would deny compassionate release here. The Court has considered the state of the COVID-19 pandemic, Defendant's criminal history, his medical conditions, his familial concerns, and his good disciplinary record while imprisonment. The Court also considered the applicable sentencing factors provided by 18 U.S.C. § 3553(a). See United States v. Chambliss, 948 F.3d 691, 693 (5th Cir. 2020). On balance, the weight of this evidence counsels against compassionate release at this time. Of particular note, Defendant's extensive criminal history includes several violent crimes and at least one assault with a deadly weapon with intent to kill. Likewise, Defendant's statements after the instant arrest suggest that he intends to keep a pistol on him, whether or not he is a felon. Thus, considering all of the evidence, the Court cannot conclude that Defendant does not present a danger to the safety of the community at this time. See U.S.S.G. § 1B.1.13(2). Based on the foregoing—as well as the other factors laid out fully by the Government and adopted here, see Doc. Nos. 68, 75—the Court declines to order compassionate release at this time.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Motion for Compassionate Release, Doc. No. 65, is **DENIED.**

Signed: June 13, 2020

Max O. Cogburn Jr
United States District Judge

5

Case 3:17-cr-00360-MOC-DSC   Document 76   Filed 06/15/20   Page 5 of 5